In the Interest of B.T.

Juvenile Officer, Respondent,

v.

T.E. (Father), Appellant.

No. SC 87265.

Supreme Court of Missouri,
En Banc.

March 21, 2006.

Jenifer W. Svancara, Danne W. Webb, Kansas City, for appellant.

Jennifer E. Cicero, Office of Jackson County Circuit Court, Kansas City, for respondent.

Donald S. Forrester, Kansas City, Amicus Curiae Guardian ad Litem.

PER CURIAM.

B.T. was taken into protective custody and placed with the children's division. After several reviews, the court held a disposition hearing. At the hearing, the juvenile officer introduced evidence of the father's conviction in Texas. Under section 210.117, RSMo Supp.2004, in effect at the time of the hearing, the Texas conviction precluded the father from being reunited with B.T. or residing in the same home as B.T. The court entered judgment accordingly. The father contends the statute is invalid. This Court has jurisdiction. *Mo. Const. article V, section 3.* Because section 210.117, RSMo Supp.2004, has been repealed, the judgment is vacated and the case is remanded.

If a new enactment supersedes the statute on which the litigants rely to define their rights, the issue no longer represents an actual controversy and is moot. *See Committee for Educational Equality v. State,* 878 S.W.2d 446, 454 (Mo. banc 1994). Lapse of time may create a condition that may cause the contro-

versy involved in a case to become a mere moot question. *Id.*

 In this case, section 210.117, RSMo Supp.2004, was repealed and replaced by section 210.117, RSMo Supp. 2005. Section 210.117, RSMo Supp.2005, permits discretion as to placement of the child notwithstanding the father's Texas conviction. Once the General Assembly repealed section 210.117, RSMo Supp.2004, this Court's basis for deciding the constitutionality of that statute evaporated. No relief can be granted concerning the validity of that statute, now repealed. *C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 325 (Mo. banc 2000).

Although the issue of the validity of section 210.117, RSMo Supp.2004, is moot, the judgment relied on that section. Therefore, the judgment is vacated, and the case is remanded. On remand, the court can apply section 210.117, RSMo Supp.2005.

All concur.